**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

OCT 25 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANN KENNEY, individually and on behalf of all others similarly situated,

        Plaintiff-Appellant,

    v.

FRUIT OF THE EARTH, INC.; CVS PHARMACY, INC.,

        Defendants-Appellees.

No.   23-55583

D.C. No.
3:21-cv-01016-JO-MSB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Jinsook Ohta, District Judge, Presiding

Argued and Submitted October 9, 2024
Pasadena, California

Before: NGUYEN and HURWITZ, Circuit Judges, and EZRA,[**] District Judge.

Ann Kenney appeals the district court's order granting summary judgment

on her equitable claims in favor of defendants Fruit of the Earth, Inc. and CVS

Pharmacy, Inc. (collectively the "defendants").  We have jurisdiction under 28

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

U.S.C. § 1291, and we affirm.

Kenney, a consumer who seeks to purchase sunscreen that contains only mineral-active ingredients such as zinc oxide, sued under California's False Advertising Law, Unfair Competition Law, and Consumer Legal Remedies Act, alleging that she was misled by the defendants' labeling of their sunscreen products. The products' front label displayed the words "CLEAR ZINC." Without reading the back, which listed two active ingredients including one chemical active ingredient, Kenney purchased the sunscreen believing that it only contained zinc oxide.

Although Kenney originally sought damages and class certification, she has abandoned those claims and now seeks only equitable relief. The only issue on appeal is whether the district erred in finding that Kenney lacked standing to pursue such relief.

1. Kenney argues that she has standing to seek a preliminary injunction because she established "a sufficient likelihood that [she] will again be wronged in a similar way." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (cleaned up). We held in *Davidson*, reviewing a motion to dismiss, that "a previously deceived consumer may have standing to seek an injunction against false advertising or labeling," if they "suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm." *Id.* at 969 (quoting *Summers v.*

2

*Earth Island Inst.*, 555 U.S. 488, 493 (2009)). "Knowledge that [an] advertisement or label was false in the past does not equate to knowledge that it will remain false in the future." *Id.* Thus, a "consumer's inability to rely on a representation made on a package . . . is an ongoing injury that may justify an order barring the false advertising." *Id.* at 961.

In *Davidson*, we concluded that the plaintiff plausibly alleged that she will be unable to rely on the defendant's labeling of the wipes as "flushable" in the future, because she had "no way of determining whether the representation 'flushable' is in fact true," without again purchasing them and attempting to flush them. *Id.* at 970-71. Because she could only test the validity of the label by purchasing the wipes, we held that Davidson had plausibly pleaded Article III standing to sue for injunctive relief.

In contrast, the record in this case makes plain that Kenney need not purchase the defendants' sunscreen anew to determine whether it contains non-zinc active ingredients. Kenney is aware that the sunscreen's back label states that it contains octocrylene, a chemical active ingredient. As such, in contrast to Davidson, it is plain that Kenney need not purchase the sunscreen again to determine whether it has non-zinc active ingredients.

2. The district court also did not err in dismissing Kenney's remaining claims for equitable relief. "[T]he traditional principles governing equitable

3

remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests" equitable remedies under state law. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). Here, Kenney had an adequate legal remedy for the past injury she allegedly suffered: monetary damages for the $4.00 sunscreen.

**AFFIRMED.**